[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION TEMPORARY INJUNCTION
On May 19, 1992 AJS Associates III (AJS) filed an application with the Planning Zoning Commission of the town of Newington (Commission) seeking permission to subdivide a parcel of land.
Simultaneously with its application for subdivision approval, AJS submitted an application for site plan approval to permit the development of 68 single family homes on the subdivided premises.
After several public hearings held on both of the above applications, the Commission, on September 9, 1992, voted four to three to deny both applications.
On September 22, 1992, AJS appealed that decision to this court (Docket No. CV-92-516877S).
On November 23, 1992, the Commission, by unanimous vote authorized its attorney to stipulate to the entry of a judgment "regarding denial of Petitions 25-92 and 24-92 project known as the High Meadows subdivision development."
Notice of the Commission's action of November 23, 1992 was published in a newspaper, The Herald, on December 2, 1992.
On December 9, 1992, the Commission approved the form and content of the stipulated judgment which had been prepared by its counsel.
On December 18, 1992, the court (Dunn, J.). approved the stipulation and entered judgment in accordance with it.
By motion dated December 22, 1992, the plaintiffs in the instant action sought to be made party defendants in the AJS appeal (Docket No. CV-92-516877S).
On December 31, 1992, the Commission published notice in The Herald of the fact that the Superior Court approved the CT Page 5512 stipulated judgment entered into by the parties sustaining the appeal of AJS.
After a hearing on January 18, 1993, the court (Dunn, J. ) denied the motion of the plaintiffs to intervene as party defendants in the AJS appeal.
As of this date, none of the plaintiffs have attempted to appeal the decision of the court (Dunn, J.).
As of this date, none of the plaintiffs have filed a motion with the court seeking to reopen the judgment of the court entered by Judge Dunn.
Plaintiff in this action seeks a "temporary and permanent injunction prohibiting and restraining the defendant from issuing building permits and signing maps approving site plan and subdivision applications to AJS Associates III until such time as the plaintiffs in this action have been heard on their application to be cited in as party defendants in said action (No. 516877) and the disposition of pending appeal brought by the plaintiffs in this action."
Plaintiffs make no allegations that any actions by the Commission or any of the parties were in bad faith, collusive, or constituted improper conduct.
Law
In order to grant a temporary injunction the court must find that plaintiffs have no adequate remedy at law, will likely be irreparably injured if the injunction is not granted, and will be likely to prevail after the final injunction hearing. In addition, the court must balance the equities.
Without at least an allegation that some action was taken in bad faith, or something similar, this court cannot find that plaintiffs could prevail on trial.
Motion for injunction denied.
N. O'Neill, J. CT Page 5513